# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **VEDA M. ODLE,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:17CV00018 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **UMWA 1974 PENSION PLAN, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Richard F. Hawkins, III, The Hawkins Law Firm, PC, Richmond, Virginia, for Plaintiff; John Jessee, Abingdon, Virginia, and Carolyn Dutrow, Associate General Counsel, and Christina B. Porras, Associate Counsel, UMWA Health & Retirement Funds, Washington, D.C., for Defendants.*

In this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, the plaintiff challenges the amount of the survivor's annuity awarded to her under the provisions of the United Mine Workers of America 1974 Pension Plan ("1974 Pension Plan").[1] The court has subject-matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

---

[1] The two named defendants in this case are "UMWA 1974 Pension Plan" and "Trustees of the UMWA 1974 Pension Plan, as Plan Administrator for the UMWA 1974 Pension Plan." Compl. 1, ECF No. 1. Benefits under the 1974 Pension Plan are awarded by the trustees of the United Mine Workers of America 1974 Pension Trust ("1974 Pension Trust"), who are also the trustees and administrator of the 1974 Pension Plan. Nat'l Bituminous Coal Wage Agreement of 1993, art. XX(e),(g), ECF No. 17. Normally, ERISA actions for benefits under the 1974 Pension Plan are brought against the trustees of the 1974 Pension Trust. *See, e.g., Fuller v. Holland*, No. 2:07CV00018, 2007 WL 3231544, at *1 (W.D. Va. Oct. 31, 2007). No objection has been made to the identity of the proper parties in this case, and I find that the decision here binds the trustees in their capacity as trustees of the 1974 Pension Trust. I will refer to this party as the "Trustees."

The case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge thereafter filed her Report and Recommendation ("Report") recommending that the case be remanded to the Trustees for further consideration. Both the plaintiff and the Trustees filed timely objections to the Report, which are now before me for de novo determination. After careful consideration of the objections, I will reject the magistrate judge's recommendation and affirm the Trustees' decision.

I.

The facts and relevant administrative proceedings are contained in the administrative record provided by the Trustees, which will be cited as "R."[2]

The 1974 Pension Plan is an industry-wide defined benefit pension plan for eligible mine workers and their survivors and is governed by ERISA. Benefits under the Plan are based on a mine worker's years of creditable service awarded for classified employment. Foremen and supervisors are not considered as classified employees.

Plaintiff Veda M. Odle's husband, Raymond L. Odle, Jr., worked in the coal mining industry from approximately 1973 to 2002 in both classified and non-classified positions. After her husband's death in 2010, the Trustees awarded Mrs.

---

[2] This record is filed at ECF No. 12. In addition, the relevant collective bargaining agreements, the National Bituminous Coal Wage Agreements of 1988 and 1993, are filed at ECF No. 17.

Odle a Pre-Retirement Survivor's Annuity based on 15.25 years of classified service by Mr. Odle from 1973 through 1988.[3] Mrs. Odle contended that her husband was due additional credit and sought an administrative appeal hearing from the Trustees. She argued that Mr. Odle had classified employment with Dale Coal Company, Inc. ("Dale Coal") from 1988 through 1994. R. at 24.

Prior to the appeals hearing, the Trustees' hearing officer conducted a pre-hearing conference with Mrs. Odle, after which Mrs. Odle was sent a written Summary of Pre-Hearing Conference ("Summary"), which set forth the Trustees' reasoning for not awarding credit for 1988 through 1994. The Summary showed that Mr. Odle had worked in a classified position from August of 1988 to February of 1989, but that thereafter the time sheet records reported him as a "foreman," and that he was paid a salary, without deduction for union dues, all indicating that he was not working in a classified position. R. at 24.[4]

The appeals hearing was held before a hearing officer on March 30, 2011, at which Mrs. Odle represented herself. She submitted a number of documents in support of her claim, all which were considered by the hearing officer. On January

---

[3] Because Mr. Odle died before age 55, but had a sufficient period of classified service, his surviving spouse was entitled to receive an annuity for life in an amount equal to 75% of the pension benefit her husband would have received. 1974 Pension Plan art. VII.B, R. at 230.

[4] The audit did show that Mr. Odle worked as a bolter, a classified position, in January 1989 until February 2, 1989, but those hours were insufficient for the Trustees to award him any pension credit for the year of 1989. Mem. Supp. Defs.' Mot. Summ. J. 6, 8, ECF No. 19.

23, 2012, a lengthy and detailed written decision was rendered by the hearing officer in which Mrs. Odle was awarded an additional one-quarter year of credited service for 1984 (for a total of 15.5 years) but denied the remaining years she had claimed.

Mrs. Odle requested a second review of the Trustees' decision. She was granted such a review and on February 15, 2013, was provided blank forms for co-worker statements for her to use "to help identify Mr. Odle's employment status." R. at 75.

On October 18, 2013, the Trustees again upheld its denial and sent a letter to Mrs. Odle stating the following:

> Please be advised that no further consideration can be given to this case unless you submit new evidence relating to the facts in dispute. Substantive evidence, such as official company records, would be required in order for an administrative review of the case to take place.

R. at 78.

Mrs. Odle then requested a third review of the decision and a hearing, at which she desired to present former co-workers of her husband to testify about the nature of his job duties with Dale Coal for the periods in question. A hearing was held where four former co-workers were interviewed together, at their insistence. The co-worker's statements presented varying job titles for Mr. Odle and inconsistent answers about whether he had performed any supervisory work.

On August 1, 2014, the Trustees repeated their denial of further classified service by Mr. Odle, on the ground that Mrs. Odle had not presented sufficient evidence to demonstrate that her husband worked in a classified position from 1989 through 1994, except for the first month of 1989. The Trustees found the co-worker statements unreliable because they were inconsistent and contradicted other evidence in the record. R. at 87. The Trustees also found the statements not credible because the four individuals insisted on being interviewed together, suggesting collusion. R. at 87.

The magistrate judge found that the Trustees had failed to provide Mrs. Odle an opportunity for a full and fair review of her claim and accordingly had abused its discretion in determining the amount of Mrs. Odle's survivor's annuity. The magistrate judge based this determination solely on the fact that the Trustees had failed during the administrative appeal process to provide Mrs. Odle with a copy of the Trustees' 1995 Dale Coal audit. The magistrate judge recommended that that Mrs. Odle's claim be remanded for further consideration by the Trustees.

The Trustees present two objections to the magistrate judge's decision. They argue that they substantially complied with ERISA's procedural requirements and that in any event, remand would be futile because Mrs. Odle has not credibly suggested further evidence that would refute the 1995 Dale Coal audit's findings.

Mrs. Odle asserts several objections to the magistrate judge's ruling. First, she argues that if her claim is remanded, she should be granted partial summary judgment based on the magistrate judge's holding that the Trustees' decision was an abuse of discretion. Pl.'s Objs. 2, ECF No. 34. Mrs. Odle argues that she be granted complete summary judgment and awarded the additional benefits claimed, again based on the magistrate judge's finding that the defendants abused their discretion by failing to provide Mrs. Odle with the audit. Second, Mrs. Odle objects to magistrate judge's failure to recommend that her husband receive additional credit at least for the years of 1989 and 1999. Finally, Mrs. Odle objects to the magistrate judge's recommendation to the extent that it was silent as to an award of her attorney's fees.

The parties' objections have been fully briefed, and are ripe for decision.[5]

## II.

Where, as here, objection has been made to a magistrate judge's report and recommendation on a dispositive matter, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[5] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

The 1974 Pension Plan is an employee pension benefit plan as defined by ERISA, 29 U.S.C. § 1002(2)(A). It grants its trustees discretionary authority to determine eligibility for benefits. 1974 Pension Plan art. XII, R. at 243. Trustees' discretionary decisions under ERISA are reviewed for abuse of discretion, and the decision "will not be disturbed if reasonable, even if the court itself would have reached a different conclusion." *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 341 (4th Cir. 2000). In evaluating the reasonableness of a discretionary decision, a court may consider the following factors, among others:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Id.* at 342-43.

ERISA requires that any plan participant whose claim for benefits has been denied be given a "reasonable opportunity . . . for a full and fair review" of the decision. 29 U.S.C. § 1133(2). The ERISA regulations governing review of adverse employee benefits determinations provide that a full and fair review requires that a claimant must be given "reasonable access to documents relevant to

her claim, and the resulting review must take into account all relevant information submitted by the claimant." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 235 (4th Cir. 2008). The regulations state that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii).

The Trustees acknowledge that Mrs. Odle was not provided the 1995 Dale Coal audit prior to this litigation.[6] A copy of the audit with its supporting papers is contained in the administrative record filed with the court in this case by the Trustees. R. 94-120.[7]

The Trustees are permitted under the collective bargaining agreement to audit the records of a signatory employee to verify the accuracy of contributions paid to the 1974 Pension Trust based on hours worked by classified employees. It is obviously in the interest of the Trustees to maximize the pension funds and thus ensure that mine companies do not attempt to minimize their contributions by mischaracterizing the work performed by their employees. The report of classified

---

[6] The defendants contend that field audits are not generally provided to participants because, among other things, they contain confidential information about the mine company and other employees. They explain that the 1995 Dale Coal audit was not included in Mr. Odle's pension file and accordingly staff handling the internal appeal process did not include it the records sent to Mrs. Odle. Mem. Supp. Defs.' Mot. Summ. J. 22, ECF No. 19.

[7] Mrs. Odle's counsel asserts that both she and he specifically requested a copy of the audit, but there is no proof of that in the record.

hours by employers is "[t]he most dispositive source" of whether a participant has worked in a classified job. Mem. Supp. Defs.' Mot. Summ. J., Ex 1, Emerson G. Work Decl. ¶ 8, ECF No. 19-1.

The Trustees argue that Mrs. Odle was provided a full and fair review, notwithstanding their failure to provide her a copy of the audit. In support of this argument, the Trustees contend that the review of Mrs. Odle's claim went well beyond what is required by reviewing her claim on three separate occasions, conducting two hearings, and presenting Mrs. Odle with three letters explaining in detail the facts contained in the audit, the issues pertaining to her claim, and the facts that led to denial. The Trustees also argue that the fact that they awarded some additional credit to Mrs. Odle after the first appeals hearing indicates that she was provided a full and fair process. Moreover, the Trustees contend that their failure to provide the Dale Coal audit did not prejudice Mrs. Odle because she was told exactly what evidence was needed to demonstrate that the records were inaccurate, and she was given the opportunity to present such evidence. The Trustees finally maintain that remand would be futile because Mrs. Odle has put forth no further evidence that would refute the Dale Coal audit's findings.

While there is no doubt that the Trustees did not strictly comply with ERISA's procedural requirements, "not all procedural defects will invalidate a plan administrator's decision" so long as there is substantial compliance with the spirit

of the ERISA regulations. *Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228, 235 (4th Cir. 1997) (quoting *Brogan v. Holland*, 105 F.3d 158, 165 (4th Cir. 1997)). Therefore, it is necessary to determine whether the Trustees substantially complied with the spirit of ERISA. In considering whether there has been substantial compliance, "a court's focus is on whether the compliance is such that it 'substantially fulfills the[ ] goals' of the applicable regulation." *Mullins v. Conn. Gen. Life Ins. Co.*, 880 F. Supp. 2d 713, 720 (E.D. Va. 2010) (quoting *Ellis*, 126 F.3d at 237) (substantial compliance with applicable ERISA regulations found where compliance fulfilled goals of full and fair review, enabled plaintiff to prepare an appeal, and allowed the court to review a claim denial); *Brogan*, 105 F.3d at 164-66 (substantial compliance with ERISA's notice requirement where administrator sent a deficient denial letter but thoroughly explained later the reasons why claimant's application had been denied).

An administrator is "required to use a deliberate, principled reasoning process and to support its decision with substantial evidence." *McKoy v. Int'l Paper Co.*, 488 F.3d 221, 223 (4th Cir. 2007). A court should not disturb an administrator's decision "as long as it is objectively reasonable, even if the court would have reached a different conclusion." *Paschal v. Reliance Standard Life Ins. Co.*, No. 1:06CV00053, 2007 WL 1189772, at *3 (W.D. Va. Apr. 23, 2007) (citing *Doe v. Grp. Hospitalization & Med. Servs.*, 3 F.3d 80, 85 (4th Cir. 1993)).

In this case, there is sufficient evidence in the record to support the Trustee's denial of additional creditable service and demonstrate that the denial was "the result of a deliberate, principled reasoning process." *Brogan*, 105 F.3d at 161 (internal quotation marks and citation omitted). The uncontradicted evidence shows that Mr. Odle's employers did not record any classified hours for the periods at issue, he did not pay union dues, and that his social security earnings records showed that he earned a salary after 1988. Collectively this evidence indicates that Mr. Odle was a salaried employee and exempt from benefits during the times in question.

Most importantly, there is no credible indication that the actual disclosure of the Dale Coal audit report to Mrs. Odle during the appeal process would have made any difference in the result of the Trustees' decision. While counsel for Mrs. Odle suggests possible arguments in her favor based on the audit, none of them show that Mr. Odle did in fact work in a classified position.

Mrs. Odle cites to *Beggs v. Mullins*, 499 F. Supp. 916 (S.D.W. Va. 1980), as "the case that best illustrates" her position that remand is necessary. Pl.'s Reply Mem. Supp. Summ. J. 13, ECF No. 21. In *Beggs*, the plaintiff, a retired miner, sought to compel the defendants to pay pension benefits denied to him. The court found that the denial was supported by substantial evidence as a matter of law, but remanded the pension claim because of the defendants' complete disregard of very

persuasive evidence. Mrs. Odle argues that *Beggs* is instructive because she claims the defendants arbitrarily disregarded the former co-worker statements. This argument is misguided.

Significant factual differences exist between *Beggs* and Mrs. Odle's claim. First, Beggs was still alive and able to testify personally about his classified work. Second, and perhaps most significant, Beggs' employer submitted two letters attesting that Beggs had worked in a classified position. This evidence was extremely persuasive but ignored by the defendants in reaching their decision. In the present case, Mrs. Odle has only presented testimony from individuals who formerly worked with her husband. However, those statements recalled events which took place nearly twenty years ago and were inconsistent. Furthermore, her husband's former employer could not state with any certainty the type of work her husband had performed for the company. Mrs. Odle's evidence, unlike the evidence presented by the claimant in *Beggs*, is tenuous.

I agree that the evidence presented by Mrs. Odle was speculative and insufficient to overcome the records supporting denial. I find particularly persuasive the evidence showing that Mr. Odle received a salary and did not pay union dues.[8] The burden was on Mrs. Odle to produce sufficient evidence to

---

[8] The Dale Coal audit incorporated Mr. Odle's employment history from the Department of Labor and the Union records in determining that he received a salary and did not pay union dues.

establish her claim and the defendants do not have a duty "to secure specific forms of evidence." *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1008 (4th Cir. 1985); *Innes v. Barclays Bank PLC USA Staff Pension Plan Comm.*, No. 3:15CV00018, 2017 WL 111787, at *6 (W.D. Va. Jan. 11, 2017) ("The burden of proving an abuse of discretion rests with the plaintiff."). Mrs. Odle was informed of what information she needed to submit to counter the evidence in the record, and she was not able to successfully do so. Therefore, it was within the discretion of the Trustees to deny benefits, despite the presentation of conflicting evidence. *See Elliot v. Sara Lee Corp.*, 190 F.3d 601, 606 (4th Cir. 1999) (finding no abuse of discretion in denial of benefits where beneficiary's primary medical provider's finding of disability conflicted with reports of independent medical panel).

Moreover, the Trustees came to their decision through a process that was principled and reasonable. Mrs. Odle was provided two hearings during which she was allowed to present evidence in support of her claim. She also was sent three written opinions explaining the reasons for denial. She was provided with a summary of the issues regarding her claim and what documentation she needed to provide to dispute the evidence in the record. It is also telling that the Trustees partially reversed their initial decision with respect to Mrs. Odle's claim, awarding her an additional credit after Mrs. Odle offered additional documentation and a hearing was held.

Accordingly, since the decision to deny Mr. Odle additional creditable service was the result of a deliberate and principled reasoning process and supported by sufficient evidence, the Trustees did not abuse their discretion and are thus entitled to summary judgment. Under an abuse of discretion standard, a decision to deny a claim should "not be disturbed if reasonable, even if the court itself would have reached a different conclusion." *Booth*, 201 F.3d at 341.

Finally, because I will grant judgment in favor of the Trustees, Mrs. Odle's objections are moot.

### III.

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiff's Objections to the Magistrate's Report and Recommendation, ECF No. 34, are OVERRULED;

2. Defendants' Objections to Magistrate's Report and Recommendation, ECF No. 33, are SUSTAINED;

3. The magistrate judge's Report and Recommendation, ECF No. 32, is not accepted;

4. Plaintiff's Motion for Summary Judgment is DENIED;

5. Defendants' Motion for Summary Judgment is GRANTED;

6. The decision of the Trustees is AFFIRMED and Plaintiff is DENIED the relief sought in this action; and

7. A final judgment will be entered forthwith.

ENTER: March 22, 2018

/s/ James P. Jones
United States District Judge